LUTHER A. RYER, RELATOR, v. EDWARD J. HOLLAND, CITY CLERK OF THE CITY OF JERSEY CITY, RESPONDENT.

Argued September 30, 1931—Decided October 10, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *George L. Record.*

For the respondent, *Thomas J. Brogan.*

PER CURIAM.

The relator has presented, on notice, a petition and affidavits, and asks for a writ of *mandamus* requiring the city clerk of Jersey City to forthwith call an election at which there shall be submitted to the voters the question of the adoption or rejection of the act known as the Municipal Manager Form of Government act. *Pamph. L.* 1923, *ch.* 113.

From the affidavits submitted, both by the relator and respondent, it is clear that the respondent has refused to call the election because, he asserts, the number of qualified per-

sons rquired by the statute did not sign the petition for such election, and, perhaps, for other reasons.

In this posture of affairs, we conclude that the application must be denied. We think that the cases of *Haines* v. *Standoven*, 91 *Atl. Rep.* 804; *Ford* v. *Gilbert*, 89 *N. J. L.* 482; *Finnegan* v. *McDonald*, 133 *Atl. Rep.* 785; *Cusack* v. *Edge*, 139 *Id.* 727, and *Balm* v. *Cape May*, 127 *Id.* 88; *affirmed* (*Court of Errors and Appeals*), 127 *Id.* 923, are directly in point and controlling.

In Haines *v.* Standoven it was said:

"The clerk may have committed errors either in the method of investigation pursued by him or in the conclusions reached by him; but such errors cannot be reviewed or corrected by the writ of *mandamus.*"

These cases further hold that *certiorari* is the proper remedy to review in such cases, and that if the remedy by *certiorari* results in setting aside the decision of the clerk and he persists thereafter in his refusal, then *mandamus* is available to enforce obedience.

The application is denied and the writ of *mandamus* refused.